# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DAVID RHEW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Court No. 2:12-CV-526 |
| | ) |
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the court on the Motion to Compel Discovery [DE 14] filed by the defendant, Norfolk Southern Railway Company, on April 23, 2013. For the following reasons, the motion is **DENIED.**

## Background

This matter arises from an injury the plaintiff, David Rhew, incurred while working for the defendant, Norfolk Southern Railway Co. Rhew alleges that Norfolk negligently failed to inspect and maintain the railroad switches and derails, allowed the switches and derails to be left in service with malfunctioning components, failed to warn him of the dangerous condition of the switch and derail, and failed to provide modern switch and derail designs that were safer to throw.

Norfolk served interrogatories on Rhew, asking if he or someone acting on his behalf utilized the services of a litigation financing company or obtained any loan, financing, or other monetary consideration from any third party that is in any way related to the lawsuit. Rhew responded that the interrogatory sought collateral source information and was not relevant,

1

admissible, or calculated to lead to relevant or admissible information. In the following interrogatory, Norfolk asked whether Rhew or someone acting on his behalf used a litigation financing company or otherwise obtained any loan, financing, or other monetary consideration from any third-party in any way related to the lawsuit. Rhew stated the same objection in response.

Norfolk now moves the court to compel Rhew to respond to the two interrogatories, arguing that they are relevant to Rhew's claimed financial hardship, his motivation to find other work or participate in training, the pecuniary interests of others in the case, and bias because a loan might give Rhew motivation to fabricate his testimony.

Discussion

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." **Federal Rule of Civil Procedure 26(b)(1)**. For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.,* 206 F.R.D. 615, 619 (S.D. Ind. 2002)(quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. *Borom v. Town of Merrillville*, 2009 WL 1617085, *1 (N.D. Ind. June 8, 2009) (citing *Sanyo Laser Prods., Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D. Ind. 2003)); *see also Adams v. Target,* 2001 WL 987853, *1 (S.D.

Ind. July 30, 2001)("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); *Shapo v. Engle*, 2001 WL 629303, *2 (N.D. Ill. May 25, 2001)("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. **Federal Rule of Civil Procedure 37(a)(2)-(3)**. The burden "rests upon the objecting party to show why a particular discovery request is improper." *Gregg v. Local 305 Ibew*, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009)(citing *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006)); *McGrath v. Everest Nat. Ins. Co.*, 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009)(internal citations omitted); *Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning Services*, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009)(internal citations omitted). The objecting party must show with specificity that the request is improper. *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009)(citing *Graham v. Casey's General Stores*, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham*, 255 F.R.D. at 478 (citing *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006))(internal quotations and citations omitted). Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Berning v. UAW Local 2209*, 242 F.R.D. 510,

512 (N.D. Ind. 2007)(examining *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002))(internal quotations and citations omitted). *See also,* **Hunt v. DaVita, Inc**., 680 F.3d 775, 780 (7th Cir. 2012)(explaining that the district court has broad discretion in supervising discovery).

The parties dispute whether the information sought is relevant or barred from discovery by the collateral source rule. The collateral source rule provides that there can be no abatement of damages for partial compensation received for an injury that came from a source other than the one primarily responsible for the loss. *See* **Austin Co. v. International Brotherhood of Electrical Workers**, 665 F.Supp. 614, 617, 619-620 (N.D. Ill. 1987); **Restatement (Second) of Torts §920A**. The purpose of this rule is to prevent the tortfeasor from paying twice. **Flowers v. Komatsu Mining Systems, Inc**., 165 F.3d 554, 558 (7th Cir. 1999). The collateral source rule also prohibits the defendant from getting a windfall when the plaintiff incurs a benefit from some source other than the defendant. **Restatement (Second) of Torts §920A**.

The parties agree that any information regarding Rhew's loans should not be presented to the jury for the purpose of offsetting his economic loss. Rather, Norwalk maintains that it seeks the information so that it may establish bias and respond in the event that Rhew suggests that his lifestyle has been negatively impacted by diminished finances following his injury. Norwalk further argues that Rhew has refused to pursue re-training, and as a result has not mitigated his damages. It is Norfolk's position that this might be due in part to litigation financing.

Rhew attached an affidavit to his response which states that he did not take out a litigation loan that required him to repay the loan personally if his lawsuit was unsuccessful, nor did anyone else co-sign or guarantee a litigation loan on his behalf. Although this does not

4

answer the interrogatory in its entirety, Rhew argues that it eliminates the defendant's concerns regarding bias and the pecuniary interest of others. The court agrees that it eliminates the risk that someone else may have a pecuniary interest in the outcome of the lawsuit. Furthermore, because the affidavit provides that he did not sign a loan that would require him to pay back any money, the risk he will fabricate his testimony for the purpose of avoiding repayment of the loan is eliminated. In any case, if Rhew were to fabricate his story, he would be committing perjury, and there are procedures to deal with such.

Moreover, Norfolk argues that the information it seeks would counter any testimony that Rhew's lifestyle was negatively impacted and could show that he failed to mitigate his damages because of a loan. This argument is attenuated at best. In any case a defendant could argue that the plaintiff benefitted from collateral payments to circumvent the collateral source rule. If the court were to allow Norfolk to conduct discovery for this purpose, it would do nothing but prejudice the jury on the issue of damages– the very concern the collateral source rule attempts to protect against. It is not clear what relevance this would have to the case. Moreover, it is not evident why Norfolk believes that getting a loan, something Rhew would have to repay, would motivate him to refuse to mitigate his damages.

Based on the foregoing, the Motion to Compel Discovery [DE 14] is **DENIED.**

ENTERED this 18th day of September, 2013

/s/ Andrew P. Rodovich
United States Magistrate Judge